His Honour JOHN TREADWELL, LIEUTENANT-GOVERNOR,

HONOURABLE OLIVER ELLSWORTH,
HONOURABLE WILLIAM HILLHOUSE,
HONOURABLE JOHN CHESTER,
HONOURABLE ROGER NEWBERRY,
HONOURABLE AARON AUSTIN,
HONOURABLE DAVID DAGGETT,
HONOURABLE JONATHAN BRACE,
HONOURABLE NATHANIEL SMITH,
HONOURABLE JOHN ALLEN,
HONOURABLE CHAUNCEY GOODRICH,
HONOURABLE WILLIAM EDMOND, and
HONOURABLE ELIZUR GOODRICH,

} ASSISTANTS.

## Hempstead *v.* Bird.

1803.

In the Court below,

ROBERT BIRD, HENRY M. BIRD, and BENJAMIN SAVAGE, *Plaintiffs ;* JOSHUA HEMPSTEAD and JOHN INNES CLARK, *Defendants.*

THIS was an action of trespass, in which the plaintiffs set out their right to the ship *Ocean,* by virtue of a conveyance from *Gurdon I. Miller,* in the nature of a

A protest is inadmissible evidence in chief.

bottomry bond, during a voyage from New-York to New-London, and thence to London. While she was at New-London, taking in her cargo, the defendants took possession of her, and detained her thirty days.

On the trial to the jury, on the general issue, the plaintiffs offered in evidence a protest, made at New-London, by the master and mate of the ship, before a notary public, soon after the defendants took possession, stating, that they were put on board, as master and mate, by one of the plaintiffs; that they took in her cargo at New-London, and were ready to sail; and that *Hempstead*, one of the defendants, as constable, attached and detained the ship and cargo, by virtue of an attachment in favour of *Clark*, the other defendant, against *Gurdon I. Miller*. The defendants objected to the admission of this protest, because the vessel and cargo were attached in the harbour of New-London, and not on the high seas; and because it appeared to have been calculated as evidence to support this action, and was drawn up by the plaintiff's attorney, after he was retained therein. This objection was overruled, by the Court; and, a verdict being found for the plaintiffs, the defendants filed their bill of exceptions.

*A. Spalding*, for the plaintiffs in error.

*Daggett*, for the defendants.

BY THE COURT. The judgment of the Superior Court is reversed, because of the admission in evidence of the *protest*; no other question arising upon the bill of exceptions being determined in this Court.

A protest is inadmissible evidence in chief. It may

be read to contradict the evidence, which the captain, who made it, may have given at the trial ; but under such circumstances only. (*a*)

A protest, regularly, proves itself, and nothing more ; or, in other words, that the captain protested against the acts and wrongs, by which himself and the concerned are affected. But it is no evidence to prove, that those acts and wrongs were done ; nor to prove what were the rights of any person, who claims those acts to have been injurious to him. In this case, it does not appear, that the captain or mate had testified in the cause ; or that the fact of a protest having been made was drawn in question. The protest was, therefore, clearly not admissible evidence in the cause.

(*a*) *Per Lord* KENYON. 2 *Esp. Rep.* 490. *Christian* v. *Coombe.*